# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:23 CR 3 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **KESHAUN ADAMS,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Currently pending before the Court is Defendant Keshaun Adams's motion to reopen detention hearing / appeal of Magistrate Judge Darrell A. Clay's pretrial detention order. (Doc. 23).

For the reasons set forth below, Adams's motion is denied.

## BACKGROUND

Adams was charged in a December 13, 2022, Criminal Complaint with being in illegal possession of a machine gun, in violation of 18 U.S.C. § 922(o). (Doc. 1).

Judge Clay, after holding a detention hearing on December 28, 2022, ordered Adams detained pending trial. (Doc. 14). He found the Government proved by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person or the community and by a preponderance of evidence that no condition or combination of conditions would reasonably assure the defendant's appearance as required. *Id.* at 2) Evaluating the 18 U.S.C. § 3142(g) factors, Judge Clay emphasized (1) the seriousness and dangerousness of the crimes of weapons offenses; (2) Adams's lengthy prior history of criminal

activity, including probation violations, and (3) that Adams was subject to a lengthy period of incarceration if convicted. *See id.*

On January 4, 2023, Adams filed a Motion for Revocation of Detention Order (Doc. 16), which the Court referred to Judge Clay as a motion to reopen the detention hearing (Non-document entry dated January 12, 2023). Judge Clay denied the Motion for Revocation on January 24, 2023. (Doc. 21).

Thereafter, Adams filed yet another Motion to Reopen the Detention Hearing (Doc. 23), which the Government opposed (Doc. 24), and to which he replied (Doc. 25). This time, Adams cites his continued efforts to resolve pending warrants from other jurisdictions as "new evidence, previously unknown at the time of the hearing". (Doc. 23, at 1). He also touts the availability of a more suitable custodian. *Id*.at 6.

## STANDARD OF REVIEW

A defendant may challenge a Magistrate Judge's detention order in front of a District Judge under 18 U.S.C. § 3145(b). That statute permits a court with "original jurisdiction over the offense" to consider "a motion for revocation or amendment" of the Magistrate Judge's detention order. *Id.* Although there is some dispute on the precise standard of review under that statute in the Sixth Circuit, it appears that *de novo* review for this type of challenge is the majority rule. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) ("In the Sixth Circuit, the district courts have followed various procedures to review a magistrate judge's detention order . . . . The Majority view appears to favor the district court's *de novo* review of detention orders by magistrate judges."); *see also United States v. Beard,* 528 F. Supp. 3d 764, 771 (N.D. Ohio 2021) ("District courts review a magistrate judge's release or detention order *de novo*."); *Yamini*, 91 F. Supp. 2d at 1128 (collecting cases and noting the Second, Third, Fourth, Fifth, Eighth, Tenth, and

Eleventh Circuits direct district courts to use *de novo* or independent review in these circumstances).[1]

## DISCUSSION

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)).

In meeting this burden, the government may proceed by proffer or hearsay. *Stone*, 608 F.3d at 948–49 (citation omitted). Consideration of these factors does not modify or limit the presumption of innocence. *Id.* at 946 (citing 18 U.S.C. § 3142(j)).

As to risk of flight, the United States must carry its burden by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). With respect to dangerousness, however, the United States must present clear and convincing evidence to prevail. *Stone*, 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)).

The Court has reviewed the evidence presented at Judge Clay's detention hearing, including the pretrial services report (Doc. 12) and heard testimony during a detention hearing on

---

1. While the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing. 18 U.S.C. § 3145(b) establishes that "[i]f a person is ordered detained by a magistrate judge", that person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, "there is no statutory requirement that the court hold a hearing", and the court "retains the discretion to decide whether to hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019); *King*, 849 F.2d at 490 ("based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

March 20, 2023. Neither the fact that Adams has been resolving some pending warrants nor the availability of a new custodian, who appears to have relocated to Toledo from Detroit only recently, direct the Court toward any conclusion other than that reached by Judge Clay. Upon a *de novo* review, as supplemented by the evidence and argument received at the March 20, hearing, the Court agrees with and adopts Judge Clay's Order of Detention (Doc. 14) issued December 28, 2022, as its own. The Court finds the Government has presented clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. As such, Adams shall remain detained pending trial.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Adams's Motion to Reopen Detention Hearing and for Release from Pretrial Detention (Doc. 23), be and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE